IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEER SYSTEMS, INC., | No. C-03-04636 JSW (EDL) |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT MICROSOFT'S MOTION TO COMPEL** |
| v. | |
| BEATNIK, INC., et al. | |
| Defendants. | |

On March 27, 2006, Microsoft filed a motion to compel in this patent infringement case. For the reasons set forth at the hearing on May 2, 2006, the motion to compel is granted in part as follows:

1. No later than May 11, 2006, Seer Systems shall provide its supplemental privilege log and a supplemental privilege log from patent prosecution counsel Carr & Ferrell. The privilege logs shall conform with the Federal Rules of Civil Procedure and the Court's standing order regarding discovery in preparing the privilege logs.

2. No later than May 11, 2006, Seer Systems shall supplement its responses to Microsoft's interrogatory numbers five and sixteen.

3. No later than May 11, 2006, Seer Systems shall produce documents responsive to the April 1, 2005 subpoena served on Ian Grant. However, as described below, responsive documents from Mr. Grant relating to the Code Hotel shall be produced no later than June 1, 2006.

4. No later than May 11, 2006, Seer Systems shall produce all mediation or negotiation documents, such as mediation statements and demand letters, relating to Seer Systems' settlement with Beatnik that were received from or disclosed to Beatnik during settlement

discussions. Seer Systems need not produce documents that were only sent to the mediator and not to Beatnik. No later than June 1, 2006, Seer Systems shall provide a privilege log listing any documents withheld from production on the grounds of attorney-client privilege or the work product doctrine. The privilege log shall include communications between trial counsel and Seer Systems regarding the negotiation process and the settlement with Beatnik made up until the time that the settlement was finalized, but not thereafter. If Seer Systems elects not to rely on the Beatnik settlement as evidence in this case, it must memorialize that election in writing to Microsoft and it need not produce further documents or a privilege log.

5. No later than May 11, 2006, Seer Systems shall produce product samples including prototypes.

6. With respect to Microsoft's request for production of documents number 86, Microsoft shall immediately confirm that all prior art references in number 86 were disclosed in the Beatnik or Microsoft Preliminary Invalidity Contentions, and shall revise the document request accordingly if necessary. No later than May 9, 2006, Seer Systems shall determine the extent of the documents that will need to be searched to respond to this request. Thereafter, the parties shall meet and confer regarding production of documents in response to number 86. Microsoft's proposal at the hearing for production appears to be reasonable unless Seer Systems determines that the universe of documents to be searched is vast.

7. With respect to Microsoft's request for production of documents number 92, Seer Systems shall produce documents related to the topics contained in number 92, specifically, Mr. Jungleib's and/or Seer Systems' work in the field of computer generated music and MIDI, Mr. Jungleib's and Seer Systems' prior work in the area, Mr. Jungleib's involvement with the MIDI manufacturers' association, the book on MIDI that Mr. Jungleib authored and published, and Mr. Jungleib's and Seer Systems' general reputation in the field of computer generated music and MIDI, which Seer Systems contends support its allegation of willfulness, and, at a minimum, Seer Systems shall produce documents sufficient to show these topics. Responsive documents and any privilege log shall be produced no later than June 1, 2006.

2

8. With respect to Microsoft's request for production of documents number 100, Seer Systems shall produce non-privileged documents reflecting the contents of the Code Hotel as to Seer Systems' invention at issue in this case, documents relating to prototypes and other efforts to develop products that embody the invention and the revision history for the software code including entries made to the code, from the alleged date of conception of the invention. Responsive documents and any privilege log shall be produced no later than June 1, 2006. Seer Systems represented that Ian Grant may have the Code Hotel hard drive. To the extent that Mr. Grant has responsive documents, he shall produce them. If neither Mr. Grant nor Seer Systems has responsive documents, or if the Code Hotel no longer exists, Seer Systems shall serve a declaration from the person most knowledgeable at Seer Systems explaining the diligent search made for responsive documents, and detailing the destruction of the Code Hotel, no later than June 1, 2006.

9. With respect to Microsoft's request for production of documents number 103, Seer Systems shall produce any agreements pertaining to nondisclosure or confidentiality for the persons listed in number 103. Seer Systems shall also produce non-privileged documents that reflect the roles of the persons listed in number 103 in conceiving and reducing to practice the '274 patent. Seer Systems shall answer an interrogatory from Microsoft regarding whether the persons listed in number 103 had stock or stock options or were highly-paid, as defined by Microsoft. Responsive documents and any privilege log shall be produced no later than June 1, 2006.

10. With respect to Microsoft's request for production of documents numbers 116 and 117, Seer Systems has already been ordered in paragraph nine to produce documents showing the roles of the persons listed in numbers 116 and 117 in conceiving and reducing to practice the '274 patent. Examples of types of documents that Seer Systems must produce include software, flowcharts, notes, electronic documents in the software environment that reflect code entries and comments to code by the persons listed in numbers 116 and 117 and non-privileged documents such as specifications provided to patent prosecution counsel. Responsive documents and any privilege log shall be produced no later than June 1, 2006.

1  11. With respect to Microsoft's request for production of documents number 119, Seer Systems
2      stated at the hearing that it had produced all responsive documents. If so, Seer Systems shall
3      serve a declaration to that effect from the person most knowledgeable at Seer Systems
4      regarding the diligent search made for documents. If not, Seer Systems shall produce all
5      responsive non-privileged documents. The declaration or further responsive documents shall
6      be produced no later than June 1, 2006.
7  12. With respect to Microsoft's request for production of documents number 121, Seer Systems
8      represented that it has produced the two licensing agreements referenced in request 121.
9      Similar to the Court's ruling in paragraph four above with respect to the beatnik documents,
10     Seer Systems shall also produce non-privileged documents that were exchanged between the
11     parties to the licenses showing the negotiation process leading up to the issuance of the
12     licenses. Any privileged documents shall be listed on a privilege log. To the extent that Seer
13     Systems claims that there are no further responsive documents, it shall serve a declaration to
14     that effect from the person most knowledgeable at Seer Systems regarding the diligent search
15     made for documents. Responsive documents and/or the declaration and any privilege log
16     shall be produced no later than June 1, 2006.
17 13. No later than June 8, 2006, Seer Systems shall confirm whether its production for document
18     request numbers 15, 27, 31-33, 45, 50, 53, 54, 60-65, 79, 103 and 104 is complete.
19 14. The Court instructs the parties to meet and confer as soon as possible regarding electronic
20     discovery, including search protocols and format for production.
21 **IT IS SO ORDERED.**
22 Dated: May 3, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge

4