IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEER SYSTEMS, INC., | No. C 03-04636 JSW |
| Plaintiff, | |
| v. | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |
| BEATNIK, INC., et al., | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 11, 2006:

The Court **tentatively RESERVES RULING** on the motion filed by plaintiff Seer Systems, Inc.'s ("Seer Systems") to amend its Final Infringement Contentions. The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *C.f.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall each have 20 minutes to address the following questions:

(1) In Seer Systems' Preliminary Infringement Contentions, it stated: "The DirectMusic System includes the DirectMusic and DirectSound API (application program interface)." (Declaration of Aexander M. Weyand, Ex. B, p. 54.) On what basis Microsoft contend that DirectMusic was the only technology accused in Seer Systems' Preliminary Infringement Contentions?

(2) Microsoft states that to the extent Seer Systems seeks to add DirectX Audio, it has no objection. (Opp. at 2.) Given this statement of non-opposition, is there any remaining dispute with respect to DirectX Audio?

(3) Is Seer Systems seeking to accuse DirectX Audio, or the entire DirectX, which includes files used to store graphics?

(4) When was DirectX Audio, as contained in DirectX 9.0, released?

(5) Seer Systems contests the type of evidence Microsoft uses to demonstrate that earlier versions of its Windows Media Player integrated Digital Rights Management. Did Windows Media Player version 7, as well as versions 8, 9 and 10, have Digital Rights Management built into it? If not, on what basis does Microsoft argue that the versions prior to version 11 contained the same technology that Seer Systems now contends infringes it patent?

(6) Microsoft argues it is prejudiced by the proposed amendments because if Seer Systems had accused these additional technologies earlier, "Microsoft would have sought different constructions for terms such as 'sample bank' and 'musical work file' to exclude graphical technologies and prior art MIDI and wave file formats." (Opp. at 12.) Does Seer Systems contend that "sample bank" and "musical work file" should be construed to include graphical technologies and prior art MIDI and wave file formats? Does Seer Systems' offer to add the word "sound" to the agreed upon construction of "sample bank" alleviate Microsoft's concerns?

(7) Microsoft does not respond to Seer System's request to amend section (e) of its contentions regarding the priority date. Does Microsoft have any opposition to this proposed amendment? If so, what is Microsoft's argument against allowing this amendment?

2

(8) If the Court were to allow Seer Systems to file its proposed amended Final Invalidity Contentions, how much additional time would Microsoft need to conduct discovery as to the proposed additional technologies? Are there any other changes to the current schedule for this matter that Microsoft would request?

(9) Do the parties have anything further to add?

*Jeffrey S. White*

Dated: August 9, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE